UNITED TRANSPORTATION
UNION, Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
Defendant.

Civil Action No. 98–5121.

United States District Court,
E.D. Pennsylvania.

Oct. 30, 1998.

G. Sanders Davis, Davis and Myers, Philadelphia, PA, Daniel R. Elliott, III, United Transp. Union, Cleveland, OH, for United Transp. Union.

Nicholas J. Staffieri, SEPTA Legal Div., Philadelphia, PA, for Southeastern Pennsylvania Transp. Authority.

## MEMORANDUM

KATZ, District Judge.

Railroad Conductor James Doyle was disciplined [1] on May 20, 1998, by the Southeastern Pennsylvania Transportation Authority (SEPTA) following an investigatory interview that occurred on May 19, 1998. The United Transportation Union (UTU), the collective bargaining unit to which Mr. Doyle belongs, subsequently brought a complaint in this court alleging that SEPTA had violated various provisions of the Railway Labor Act (RLA) by failing to adhere to procedures established in the collective bargaining agreement between the UTU and SEPTA. Specifically, the UTU alleges that SEPTA refused to permit the UTU representative to act as Mr. Doyle's advocate at the investigatory hearing in violation of the workplace's "usual manner" required by the RLA. See 45 U.S.C. § 153 First (i); Compl. ¶ 6–8, 9. Because the issue at stake qualifies as a minor issue under the Railway Labor Act, the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) will be granted.

### Discussion

A district court may dismiss an action based on the legal insufficiency of the claim. See Fed.R.Civ.P. 12(b)(1). Dismissal is proper "only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous.'" Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408–09 (3d Cir.1991). When a defendant (here, SEPTA) challenges the court's jurisdiction under 12(b)(1), the plaintiff (UTU) must bear the burden of persuasion. See id. at 1409. The crucial difference between the standards applied in a 12(b)(1) and a 12(b)(6) motion is that when a defendant argues that the court cannot have subject matter jurisdiction over the claim, the court is not required to accept the allegations of the plaintiff's complaint as true. Instead, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Heller v. CACL Fed. Credit Union, 775 F.Supp. 839, 841 (E.D.Pa.1991) (citations omitted). In this case, the plaintiff UTU has not met its burden of persuasion with regard to subject matter jurisdiction.

Defendant argues in its motion to dismiss that this court does not properly have jurisdiction of the grievance at issue because it is a minor dispute under the RLA and is presently the subject of a grievance that the Special Board of Adjustment is scheduled to hear. The classification of a grievance as major or minor is important because of its effect on the role of the federal courts. One of the primary goals of the RLA is to encourage the internal resolution of disputes, and the power of the federal courts is accordingly limited, particularly when the dispute in question is minor. See, e.g., Association of Flight Attendants v. USAir, 960 F.2d 345, 347–48 (3d Cir.1992). If a dispute is designated as minor, federal courts may not properly involve themselves in the initial stages of grievance resolution. See id. at 348; Consolidated Rail Corp. v. Railway Labor Executives Ass'n, 491 U.S. 299, 303–04, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989). Put more bluntly, should this court determine that the issue in question is minor, the case would necessarily be dismissed for lack of subject matter jurisdiction. See, e.g., Independent Ass'n of Continental Pilots v. Continental Airlines, 155 F.3d 685, 691, Slip Op. No. 97–7282, at 10 (3d Cir. Sept. 10, 1998); National Ry. Labor Conference v. Internat'l Ass'n of Machinists, 830 F.2d 741, 745 (7th Cir.1987) (noting exclusive jurisdiction of arbitral board over minor disputes).

The Supreme Court first articulated the distinction between major and minor disputes in Elgin, J & E Ry. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945),

---

1. Although Mr. Doyle was initially fired, papers attached by the defendant to its motion for dismissal indicate that the labor relations manager found this penalty to be too severe and modified the discharge to a thirty day suspension and a warning. See Def.'s Mot. Ex. 1 at 3.

by examining the sections of the RLA that set forth compulsory arbitration procedures for disputes stemming from grievances or out of the interpretation of agreements concerning rates of pay, rules, and working conditions. *See id.* at 722–23, 65 S.Ct. 1282 (analyzing 45 U.S.C. §§ 152 Sixth, 153 First (i)); *see also SEPTA v. Bhd. of R.R. Signalmen,* 882 F.2d 778, 782 (3d Cir.1989). A minor dispute

> contemplates the existence of a collective bargaining agreement already concluded or, at any rate, a situation in which no effort is being made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case.

*Burley,* 325 U.S. at 723, 65 S.Ct. 1282; *see also Independent Ass'n of Continental Pilots,* 155 F.3d 685, 691, Slip Op. 97–7282, at 9 (outlining the development of the major/minor dispute dichotomy). A grievance, in turn, is "a synonym for disputes involving the application or interpretation of a [collective bargaining agreement]." *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 252, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994).

It was not until 1989, however, that the Supreme Court established a standard for differentiating between major and minor disputes. In 1989, the Court stated that *Burley* "looks to whether a claim has been made that the terms of an existing agreement either establish or refute the presence of a right to take the disputed action. The distinguishing feature of [a minor dispute] is that the dispute may be conclusively resolved by interpreting the existing agreement." *Consolidated Rail Corp. v. Railway Labor Executives' Assoc.,* 491 U.S. 299, 305, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989); *see also Independent Ass'n of Continental Pilots,* 155 F.3d 685, 691, Slip Op. 97–7282, at 9 (noting establishment of standard in *Consolidated Rail Corp.*). Accordingly, when "an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified. Where, in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major." *Consolidated Rail Corp.,* 491 U.S. at 307, 109 S.Ct. 2477.

Following *Consolidated Rail Corporation,* the Third Circuit provided examples of the types of disputes that may be termed major and minor:

> A major dispute is a dispute over proposals to change rates of pay, rules or working conditions. A minor dispute is a dispute over the interpretation or application of existing collective bargaining agreements. In other words, a major dispute concerns the terms an agreement should contain. It involves problems that arise around the bargaining table in the negotiation of an agreement. A minor dispute concerns the meaning and application of the provisions of the negotiated agreement that has been hammered out at the bargaining table. Minor disputes include disputes about the existence or extent of provisions established or implied into the agreement by usage, practice or custom.

*United Transp. Union v. Conemaugh & Black Lick R.R. Co.,* 894 F.2d 623, 628 (3d Cir.1990) (citations omitted). While "the definition of minor disputes has generally proven elusive," *Association of Flight Attendants,* 960 F.2d at 348, the burden on the party asserting that a dispute is minor is relatively light. *See id.* (stating that, as employer's contractual arguments were not "obviously insubstantial," dispute over drug testing was minor); *see also Brotherhood of R.R. Signalmen,* 882 F.2d at 784. When there is doubt as to whether a dispute is major or minor, courts construe the issue as minor. *See McQuestion v. New Jersey Transit Rail Operations,* 30 F.3d 388, 391 (3d Cir.1994).

In this case, the issue should be designated as minor. In the complaint, the plaintiff cites to a specific portion of the collective bargaining agreement in question in supporting its claim. *See* Compl. ¶ 7 (reproducing portions of the collective bargaining agreement and relevant provisions). Specifically, the basis of this grievance is that SEPTA did not permit the UTU representative to act as an advocate during the disciplinary proceedings to which Mr. Doyle was subjected. The union argues that this action was illegitimate because the collective bargaining agreement states that "[i]f the employee feels that the interview may result in

discipline, and he/she so requests it, his/her Union representative will be permitted to attend the interview without compensation, if he/she is available." Compl. ¶ 7I(3) (citing UTU/SEPTA collective bargaining agreement § 401).[2] There are questions regarding whether or not the investigation in question qualified as an interview according to the terms of the agreement, and the resolution of this and related claims is a question of the application of existing rights. The union does not suggest that new rights are necessary; rather, it relies on the rights already enshrined in the collective bargaining agreement to which both it and SEPTA are bound. The UTU is correct that the fact that the Special Board of Adjustment handles a given grievance does not automatically require a designation of a dispute as minor. However, in this case, the dispute is properly termed a minor dispute precisely because it may be resolved by reference to the existing contract.[3] It is "arguable that the existing agreement between the parties when interpreted and applied within the context of their past practices, can conclusively resolve the dispute." *General Comm. of Adjustment v. CSX R.R. Corp.*, 893 F.2d 584, 586 (3d Cir. 1990). Particularly as the UTU's response raises no broader workforce issues that might change the court's perspective on the matter, this court may not properly exercise jurisdiction over this claim as it is within the purview of the mandatory arbitration process established by statute.

An appropriate order follows.

### ORDER

**AND NOW,** this 3rd day of October, 1998, upon consideration of defendant's Motion to Dismiss the Complaint under 12(b)(1) and the response thereto, it is hereby **ORDERED** that the defendant's motion is

**2.** As neither party has provided the court with copies of the bargaining agreement beyond this excerpt, the court relies upon the provisions quoted in the complaint itself.

**3.** Admittedly, SEPTA has not provided any reference whatsoever to the collective bargaining agreement in its motion to dismiss; it simply states that the dispute is minor with little or no analysis. Nonetheless, the court determines that the dispute is a minor one governed by the collective bargaining agreement based on the text of

**GRANTED** because the dispute in question qualifies as a minor dispute under the Railway Labor Act.

the complaint itself and by the nature of the dispute, which affects only a single worker. As the Seventh Circuit once stated, "[t]he resolution of the case depends upon the interpretation of the agreement, and while we realize that the [employer's] actions might be in violation of that agreement, it is for the appropriate adjustment board, and not this court, to draw the boundaries of the practices allowed by the agreement." *National Ry. Labor Conference v. International Ass'n of Machinists*, 830 F.2d 741, 748 (7th Cir.1987).